IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EHSANULLAH NAZARI                                                    PETITIONER

V.                                                 CIVIL NO.  5:26-cv-00061-DCB-BWR

RAFAEL VERGARA                                                      RESPONDENT

## ORDER SETTING BRIEFING SCHEDULE

This matter is before the Court *sua sponte*.  Petitioner, a native and citizen of Afghanistan, filed a pro se Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 in February 2026 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement (ICE) detention.

Petitioner entered the United States illegally in December 2024, and  ICE detained him in December 2024. ICE Decl. [10-2] at 1. On August 5, 2025, an immigration judge ordered that Petitioner be removed from the United States to Afghanistan. *Id.* Petitioner waived his right to appeal. Resp. [10] at 2; Reply [12] at 2.

On March 25, 2026, Respondent filed a Response to the Petition with a Declaration from Assistant Field Office Director Charles Ward who avers that on September 29, 2025, November 5, 2025, and February 11, 2026, Enforcement and Removal Operations (ERO) requested updates from Headquarters Removal Operations Division (HQ-RIO) regarding obtaining a transportation letter for Petitioner. ICE Decl. [10-2] at 1. Despite these three requests, no transportation letter has been

obtained.

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General shall remove the alien within a period of 90 days (referred to as the "removal period"), during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). "After that time elapses, however § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas v. Davis,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is not authorized by statute." 533 U.S. 678, 699 (2001). "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02.

Petitioner's removal order became administratively final on August 5, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1 ("An order of removal made by the

immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . (c) Upon waiver of an appeal by the Board of Immigration Appeals[.]" The 90-day removal period expired on November 3, 2025. Six months following November 3, 2025 expired on May 3, 2026. The Court requires a status update from Respondent regarding the progress to remove Petitioner and sets a briefing schedule regarding whether there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701-02.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondent shall file a status update:

1. Including a Declaration from an ERO official; and

2. Specifically addressing the following: (1) the progress to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondent's status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondent shall file a response furnishing evidence sufficient to rebut that showing; and

3. No later than 14 days after Respondent's response, Petitioner may file a

reply.

SO ORDERED, this 22nd day of July 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE